IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00032 SOM (02) |
|---|---|---|
| | ) | CIV. NO. 10-00129 SOM/KSC |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING TIMELINESS OF |
| vs. | ) | MOTION TO SET ASIDE, VACATE |
| | ) | OR CORRECT SENTENCE; EXHIBITS |
| KOSE LASALLE, | ) | A-B |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER REGARDING TIMELINESS OF
MOTION TO SET ASIDE, VACATE OR CORRECT SENTENCE

Petitioner Kose Lasalle filed a motion seeking relief under 28 U.S.C. § 2255 on March 9, 2010. This court denied the motion as untimely on March 10, 2010, without giving Petitioner an opportunity to address the timeliness of his motion. See attached Exhibit A. The Ninth Circuit vacated this court's order, noting that Petitioner should have been given an opportunity to present his position on the issue. See attached Exhibit B. The court now sets a deadline of **May 11, 2012**, by which Lasalle may file a memorandum addressing whether his motion, filed on March 9, 2010, was timely filed. This memorandum should not address the issue of whether the court should grant Lasalle's request for relief. The memorandum should rather be confined to the issue of whether the motion was timely filed. The memorandum should not be more than 15 pages, not including any table of contents, table of authorities, exhibits, declarations, or affidavits.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 2, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Kose LaSalle; Crim. No. 07-00032 SOM; Civ. No. 10-00129 SOM/KSC; CRIM.NO. 07-00032 SOM (02), CIV. NO. 10-00129 SOM/KSC; ORDER REGARDING TIMELINESS OF MOTION TO SET ASIDE, VACATE OR CORRECT SENTENCE; EXHIBITS A-B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Civ. No. 10-00129 SOM/KSC |
| | ) | Cr. No. 07-00032 SOM (02) |
| Plaintiff-APPELLEE, | ) | |
| | ) | ORDER DENYING AS UNTIMELY |
| vs. | ) | PETITION FILED UNDER 28 |
| | ) | U.S.C. § 2255 |
| KOSE LASALLE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |
| | ) | |

ORDER DENYING AS UNTIMELY PETITION FILED UNDER 28 U.S.C. § 2255

On March 9, 2010, Petitioner Kose Lasalle moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This petition is untimely.

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). However, a federal prisoner must file a § 2255 petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). For purposes of a § 2255 petition, a judgment becomes final and the limitations period begins to run "upon the expiration of the time during which she could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Lasalle

**EXHIBIT A**

appealed his conviction to the Ninth Circuit, but did not request a writ of certiorari from the Supreme Court. Accordingly, for purposes of filing a § 2255 petition, his judgment became final and the one-year limitation period began to run upon the expiration of the time to petition for a writ of certiorari to the Supreme Court. Clay v. United States, 537 U.S. 522, 524-25 (2003); United States v. Garcia, 210 F.3d 1058 (9th Cir. 2000).

Under Rule 13(1) of the Rules of the Supreme Court of the United States, a petition for writ of certiorari must be filed "within 90 days after entry of the judgment" by the Court of Appeals. See also Clay, 537 U.S. at 525. The Ninth Circuit issued its Judgment in Lasalle's appeal on July 16, 2008, meaning that the one-year statute of limitation began to run in October 2008, when the 90-day period to petition for certiorari expired. The present petition was filed on March 9, 2010, more than one year after the limitation period began to run in October 2008. Even using the date the petition was signed, February 25, 2010, the petition is untimely. See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) ("a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Accordingly, Lasalle's § 2255 petition is denied as untimely. See 28 U.S.C. § 2255(f).

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). When, as here, a

> district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Lasalle's § 2255 petition is clearly untimely, this court declines to issue him a certificate of appealability. Id. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 10, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Lasalle, Civ. No. 10-00129 SOM/KSC, Crim. No. 07-00032 SOM (02); ORDER DENYING AS UNTIMELY PETITION FILED UNDER 28 U.S.C. § 2255

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 07 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 10-15740 |
|---|---|
| Plaintiff - Appellee, | D.C. Nos. 1:10-cv-00129-SOM |
|  | 1:07-cr-00032-SOM |
| v. | District of Hawaii, |
|  | Honolulu |
| KOSE LASALLE, |  |
| Defendant - Appellant. | ORDER |

Before:  CANBY, BERZON and BYBEE, Circuit Judges.

A review of the record and the parties' responses to this court's November 17, 2010, order to show cause indicates that summary remand is appropriate. The district court's March 10, 2010, judgment is vacated and this case is remanded to the district court to offer appellant an opportunity to present his position on the district court's finding that his 28 U.S.C. § 2255 motion was untimely. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

**VACATED AND REMANDED.**

**EXHIBIT B**